T.C. Memo. 2000-319

UNITED STATES TAX COURT

WILLIAM W. HOWARD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13447-99L.                    Filed October 13, 2000.

William W. Howard, pro se.

<u>Michael D. Zima</u> and <u>Kerry Bryan</u>, for respondent.

MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion for Summary Judgment, filed pursuant to
Rule 121(a).[1]  As explained in detail below, we shall grant
respondent's motion.

_____

[1]  All Rule references to the Tax Court Rules of Practice
and Procedure, and unless otherwise indicated, all section
references are to the Internal Revenue Code, as amended.

Background

On November 14, 1995, respondent issued a notice of deficiency to petitioner determining deficiencies in, and additions to, his Federal income taxes for 1987 and 1988. The deficiencies were attributable to respondent's determination that petitioner, an attorney, had embezzled funds from the Estate of Zelda Willey Putman and had failed to report such amounts as income.

On November 21, 1995, petitioner commenced a case in this Court by filing a petition for redetermination, which was assigned docket No. 24572-95. Petitioner contested respondent's determinations in the notice of deficiency on the ground that the funds that he received from the Putman estate were loans. The case was tried to the Court in the spring of 1997. Following the filing of briefs by the parties, the Court issued a memorandum opinion (Howard v. Commissioner, T.C. Memo. 1997-473) on October 16, 1997, essentially sustaining respondent's determinations.[2] Thereafter, on January 21, 1998, the Court entered decision against petitioner. Petitioner did not file any posttrial motions, see Rules 161 and 162, nor did he file a notice of appeal. Accordingly, the Court's decision became final on April 21, 1998. See secs. 7481(a)(1), 7483.

---

[2] Respondent conceded that petitioner's embezzlement income for 1988 was slightly less than the amount determined in the notice of deficiency.

On March 31, 1999, respondent mailed to petitioner a final notice of intent to levy. See sec. 6331. The notice stated that petitioner owed taxes, penalties, and interest totaling $329,918.45 and $147,568.72 for the taxable years 1987 and 1988, respectively, and that respondent was preparing to collect these amounts by levy. The notice further stated that petitioner would be given 30 days to request a hearing with respondent's Appeals Office.

Petitioner timely filed a request for a hearing with respondent's Appeals Office. On August 2, 1999, respondent's Appeals Office issued to petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (the determination letter). The determination letter stated that because petitioner had been issued a notice of deficiency for 1987 and 1988 and had contested the notice in the Tax Court, petitioner was not permitted to contest his liability for the underlying taxes in the Appeals hearing. The determination letter further stated that respondent would proceed with the proposed collection action.

On August 6, 1999, petitioner filed with the Court an imperfect petition for review of the determination letter, followed by an amended petition on September 20, 1999. Petitioner contends that the Appeals Office erred in failing to

consider "new evidence" purportedly establishing that petitioner is not liable for the underlying deficiencies for the years in issue. In particular, petitioner asserts that he instituted two civil actions in Florida State court in June 1989 and December 1993 in which the State court recently ruled in his favor on certain breach of contract claims related to his handling of the Putman estate. Petitioner contends that these holdings establish that he did not have the criminal intent to embezzle funds from the Putman estate.

After filing an answer to the amended petition, respondent filed a Motion for Summary Judgment. Respondent maintains that because petitioner received (and contested) a notice of deficiency for the years in issue, the question of petitioner's liability for the underlying taxes cannot be raised in this proceeding. Petitioner filed a response in opposition to respondent's motion.

This matter was called for hearing at the Court's motions session in Washington, D.C., on September 6, 2000. Counsel for respondent appeared at the hearing and presented argument in support of respondent's motion. Although no appearance was made by or on behalf of petitioner at the hearing, petitioner did file a Rule 50(c) statement with the Court.

<u>Discussion</u>

Section 6331(a) provides that if any person liable to pay

any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy upon property belonging to the taxpayer. Section 6331(d) provides that the Secretary is obliged to provide the taxpayer with notice before proceeding with collection by levy on the taxpayer's property, including notice of the administrative appeals available to the taxpayer.

In the Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. 105-206, sec. 3401, 112 Stat. 685, 746, Congress enacted new sections 6320 (pertaining to liens) and 6330 (pertaining to levies) to provide protections for taxpayers in tax collection matters. Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy on a taxpayer's property until the taxpayer has been given notice of, and the opportunity for, an administrative review of the matter (in the form of an Appeals Office hearing); if dissatisfied with the outcome of such hearing, the taxpayer may seek judicial review of the administrative determination in either the Tax Court or a Federal District Court, during which review the suspension of the levy continues.

Section 6330(c)(2)(B) provides that the existence or the amount of the underlying tax liability can be contested at an Appeals Office hearing if the taxpayer did not receive a notice of deficiency for the taxes in question or did not otherwise have

an earlier opportunity to dispute such tax liability.  Section 6330(d)(1)(A) provides that a taxpayer may file a petition for review of the Commissioner's administrative determination with the Tax Court if the Court has jurisdiction of the underlying tax liability.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  See Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).

In Goza v. Commissioner, 114 T.C. 176 (2000), we explained that section 6330(c) provides for an Appeals Office hearing to address collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection activities, and possible alternative means of collection.  The taxpayer in Goza received a notice of deficiency, yet failed to file a petition for redetermination with the Court.  When the

taxpayer subsequently attempted to use the Court's procedures governing Lien and Levy Actions[3] as a forum to assert frivolous and groundless constitutional arguments against the Federal income tax, we cited the statutory limitation imposed under section 6330(c)(2)(B) and dismissed the petition for failure to state a claim upon which relief can be granted.[4]

As was the case in Goza v. Commissioner, supra, petitioner received a notice of deficiency for the years in issue.  Further, petitioner took advantage of the opportunity to contest respondent's deficiency determinations in the Tax Court.  In Howard v. Commissioner, T.C. Memo. 1997-473, the Court sustained respondent's deficiency determinations.  Petitioner now seeks to use this Lien and Levy Action to present "new evidence" to establish that he is not liable for the underlying tax liabilities.[5]  However, section 6330(c)(2)(B) clearly bars

---

[3]  See Title XXXII of the Tax Court Rules of Practice and Procedure.

[4]  In Goza v. Commissioner, 114 T.C. 176 (2000), the Commissioner moved to dismiss for failure to state a claim before filing an answer.  In the present case, respondent did not move for summary judgment until well after the case was at issue within the meaning of Rule 38.

[5]  As previously stated, petitioner's "new evidence" relates to two civil actions that he instituted in Florida State court in June 1989 and December 1993.  However, both of these civil actions were pending at the time that petitioner tried his case in this Court at docket No. 24572-95; further, petitioner failed to file any posttrial motion or notice of appeal in that docket.  Under these circumstances, we fail to see how the outcome of the
(continued...)

petitioner from contesting the existence or amount of his tax liabilities in proceedings before the Appeals Office or the Court.[6] Petitioner has not, in either the Appeals Office hearing or in his Lien and Levy Action petition filed with the Court, raised a spousal defense or challenged respondent's proposed levy by offering a less intrusive means for collecting the taxes. See sec. 6330(c)(2)(A). These issues are now deemed conceded. See Rule 331(b)(4). In short, petitioner has failed to raise any justiciable claim for relief.[7]

Based upon the record presented, we agree that respondent is entitled to summary judgment in this case. Simply put, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law in respondent's favor.

---

[5](...continued) two civil actions in Florida State court constitutes "new evidence" under any conceivable view of that phrase. In any event, sec. 6330(c)(2)(B) precludes reconsideration in the present proceeding of petitioner's tax liabilities for 1987 and 1988.

[6] Petitioner's liability for deficiencies in income taxes and additions to tax under secs. 6651(a)(1) and 6654 for the taxable years 1987 and 1988 is established by the Court's decision entered on January 21, 1998, in docket No. 24572-95, which decision became final on April 21, 1998. The doctrine of res judicata precludes petitioner from relitigating that liability. See, e.g., Krueger v. Commissioner, 48 T.C. 824, 829-830 (1967).

[7] As for petitioner's professed concern about the welfare of the heirs of the Putman estate, we refer petitioner to Howard v. Commissioner, T.C. Memo. 1997-473 n.4.

To reflect the foregoing,

<u>An order granting respondent's</u>
<u>motion for summary judgment and decision</u>
<u>will be entered</u>.